FILED
Nov 19  3 09 PM '03
U.S. DISTRICT COURT
NEW HAVEN, CONN.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JACQUELINE M. MUSANTE,<br>*Plaintiff,*<br><br>VS.<br><br>NOTRE DAME OF EASTON CHURCH,<br>*Defendant.* | CIVIL ACTION NO.:<br>3:01 CV 2352 (MRK)<br><br>NOVEMBER 19, 2003 |

**PLAINTIFF'S SUPPLEMENTAL BRIEF
IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

Per order of this Court of October 22, 2003, the Plaintiff hereby submits this Supplemental Brief in Opposition to Motion for Summary Judgment.

**I.     INTRODUCTION.**

The parties to this action dispute Plaintiff's actual primary job functions when she was Director of Religious Education and Pastoral Assistant of defendant Notre Dame of Easton Church ("Defendant") under the supervision of Monsignor Thomas J. Driscoll ("Monsignor Driscoll"). Plaintiff's job functions during that period are not probative of her claims on the merits, but they are material to determining the application of the ministerial exception in this case and, therefore, to the Court's subject matter jurisdiction. Courts have held that summary judgment is not an appropriate method for determining subject matter jurisdiction. Therefore,

because the Court should not decide subject matter jurisdiction on summary judgment and because there are disputed issues of material fact as to Plaintiff's substantive claims, summary judgment should be denied.

## II. PLAINTIFF'S DISPUTED JOB FUNCTIONS ARE MATERIAL TO A DETERMINATION OF THE COURT'S SUBJECT MATTER JURISDICTION.

Courts lack subject matter jurisdiction over cases in which the ministerial exception to the Free Exercise Clause of the First Amendment of the United States Constitution applies. *See, e.g., Young v. The Northern Illinois Conf. of United Meth. Church*, 21 F.3d 184 (7th Cir. 1994) (court lacked subject matter jurisdiction over minister's discrimination claims against her religious employer). In deciding whether the ministerial exception applies, "Courts are required to examine the duties and responsibilities of the particular employee and examine whether they are ministerial or secular in nature." *See Hartwig v. Albertus Magnus College*, 93 F.Supp.2d 200, 211 (D.Conn. 2000). Here, the Court cannot 'examine Plaintiff's duties and responsibilities' because they are in dispute. Before the Court can reach the issue of ministerial exception/jurisdiction, it must make factual findings as to Plaintiff's actual job functions under Monsignor Driscoll. *See Filitech S.A., v. France Telecom S.A.*, 157 F.3d 922, (2nd Cir. 1998) ("Before arriving at its legal conclusion regarding the existence…of subject matter jurisdiction, the district court should resolve…disputed factual matters by means of findings of fact").

## III. THE COURT MUST HOLD AN EVIDENTIARY HEARING TO ADEQUATELY ASSESS PLAINTIFF'S ACTUAL JOB FUNCTIONS UNDER MONSIGNOR DRISCOLL.

"[A] court has jurisdiction to determine its own jurisdiction." *See Cargill Int'l S.A. v. M/T Pavel Dybenko*, 991 F.2d 1012, 1015 (2nd Cir. 1993). *See also Gould v. Pechiney Ugine Kuhlmann*, 853 F.2d 445, 451 (6th Cir. 1988) "[Courts have] the power to resolve any factual dispute regarding the existence of subject matter jurisdiction"). "The court has considerable latitude in devising the procedures it will follow to ferret out the facts pertinent to jurisdiction, and normally it may rely upon either written or oral evidence. The court must, however, afford the nonmoving party an ample opportunity to secure and present evidence relevant to the existence of jurisdiction." *See Prakash v. American Univ.*, 727 F.2d 1174, 1179-80 (D.C. Cir. 1984) (internal quotation marks and citations omitted). *See also* Fed.R.Civ.P. 43(e).[1] When the record is insufficient to establish jurisdiction with reasonable certainty, or where there is a credibility gap, an evidentiary hearing is essential. *See Prakash*, 727 F.2d at 1180 and at n.42.

This case requires an evidentiary hearing to resolve the factual dispute over Plaintiff's job functions. The dispute is material to the Court's subject matter jurisdiction and cannot be adequately resolved on the record before the Court. Plaintiff has adduced ample evidence that

---

[1] Federal Rule 43(e) provides: "When a motion is based on facts not appearing of record, the court may hear the matter on affidavits presented by the respective parties, but the court may direct that the matter be heard wholly or partly on oral testimony or deposition."

-3-

her actual job functions as D.R.E. and Pastoral Assistant were primarily *secular*.[2] Plaintiff's evidence permits the reasonable conclusion that jurisdiction is proper because Plaintiff was not a ministerial employee. Defendant's evidence and the arguments of Defendant's counsel are not sufficient to disprove Plaintiff's position.[3] Moreover, the parties' essential evidence of Plaintiff's job functions is testamentary, thereby implicating witness credibility.[4] Under the circumstances, an evidentiary hearing, with the opportunity to present and cross-examine witnesses, is essential to resolving the factual challenges to the Court's jurisdiction.

---

[2] *See, e.g.,* Affidavits of Jacqueline M. Musante, Gail Altieri, Denise Quatela and Plaintiff's Local Rule 56(a)(2) Statement referencing deposition testimony of the Plaintiff and Monsignor Driscoll.

[3] In particular, Monsignor Driscoll's testimony concerning generalized Pastoral, D.R.E. and Pastoral Assistant responsibilities (*see, e.g.,* Driscoll Affidavit of January 17, 2003, ¶¶ 5-16) and conclusory statements concerning Plaintiff's role (*see, e.g.,* Driscoll Affidavit of November 3, 2003, ¶¶ 19) are not determinative of Plaintiff's ministerial/non-ministerial status.

[4] The record establishes credibility issues which cannot adequately be addressed on the papers. There is virtually no common ground between the parties' positions as to Plaintiff's actual job functions. Plaintiff's evidence reasonably permits the conclusion that Plaintiff was a secular employee, whereas Defendant contends that Plaintiff was ministerial. Additionally, Defendant misconstrues Plaintiff's evidence. For example, Defendant pretends that Plaintiff "admitted by failing to deny, that her job responsibilities included duties that consisted of teaching, spreading the faith, and supervision or participation in religious ritual or worship." *See* Defendant's Supplemental Brief @ p.4. However, as Defendant well knows, Plaintiff *expressly denied* having religious functions (*see* Plaintiff's Local Rule 56(a)(2) Statement, ¶¶ 17-22, 24-27) and merely left Defendant to its proof as to the generalized duties it imputes to the pastor and to the *present positions* of D.R.E. and Pastoral Assistant, of which Plaintiff has no personal knowledge (*See* Defendant's Local 9(c)(1) Statement, ¶¶ 5-15; Plaintiff's Local Rule 56(a)(2) Statement ¶¶ 5-15).

## IV. SUMMARY JUDGMENT IS NOT AN APPROPRIATE METHOD FOR DETERMINING ISSUES OF SUBJECT MATTER JURISDICTION.

"[A] Rule 56 motion for summary judgment is not an appropriate method for challenging subject matter jurisdiction....Whereas a grant of summary judgment is a decision on the merits,...a court must dismiss the case without ever reaching the merits if it concludes that it has no jurisdiction." See *Miller v. Bay View United Meth. Church, Inc.*, 141 F.Supp.2d 1174, 1177 (E.D. Wis. 2001) (citing, in part, *Exchange Nat'l Bank v. Touche Ross & Co.*, 544 F.2d 1126, 1130-31 (2nd Cir. 1976) (discussing interaction between Rules 12(b)(1) and 56)).

Here, the factual dispute over Plaintiff's job functions goes to the question of ministerial exception and, therefore, to subject matter jurisdiction. The facts pertaining to the ministerial exception are not probative or intertwined with the claims on the merits. Because the Court should evaluate jurisdiction without reaching the merits and because there are genuine issues of material fact as to Plaintiff's substantive claims, summary judgment should be denied. The Court should, *sua sponte*, order an evidentiary hearing for the purposes of deciding jurisdiction.

THE PLAINTIFF,
JACQUELINE M. MUSANTE

By_____
Stuart M. Katz, Esq.          *Fed. Bar No. ct12088*
Courtney A. George, Esq.   *Fed. Bar No. ct23393*
COHEN AND WOLF, P.C.
1115 Broad Street, Bridgeport, CT 06604
*Tel. #(203) 368-0211; Fax #(203) 394-9901*

## CERTIFICATION

This is to certify that a true and correct copy of the foregoing has been mailed, postage prepaid, on this 19th day of November, 2003, to:

Thomas P. O'Dea, Jr., Esq.
Halloran & Sage, LLP
315 Post Road West
Westport, CT  06880

Brett M. Szczesny, Esq.
Halloran & Sage, LLP
315 Post Road West
Westport, CT  06880

_____
Courtney A. George